# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-01442 AHM (AJWx) | Date | June 21, 2011 |
|---|---|---|---|
| Title | ALEJANDRO LOPEZ v. MUSINORTE ENTERTAINMENT CORP., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

This matter is before the Court on the motion for an assignment order and restraining order filed by plaintiff Alejandro Lopez ("Plaintiff"). For the reasons set forth below, the Court GRANTS the motion.[1]

## I.   BACKGROUND AND PROCEDURAL POSTURE

Plaintiff is a musician who filed suit in United States District Court for the District of Arizona seeking money allegedly due him for performances in the Norteño music group Los Huracanes del Norte ("Los Huracanes") and from royalties on recording contracts with Los Huracanes. Plaintiff prevailed at trial, and on July 30, 2010, the United States District Court for the District of Arizona entered a second amended judgment ("Judgment") in favor of Plaintiff and against Musinorte Entertainment Corporation, Hurcanes, Inc., Heraclio Garcia, Rosa Garcia, Francisco Garcia, Irma Garcia, Jesus Garcia, and Guadalupe Garcia ("Judgment Debtors").[2]

The Judgment awarded Plaintiff damages in the amount of $1,117,000.00, with prejudgment interest in the amount of $198,208.72, and costs of $21,337.39. Battaile

---

[1] Docket No. 8.

[2] The Court GRANTS Plaintiff's request for judicial notice of the first judgment (Docket No. 9) and takes judicial notice of the Second Amended Judgment (attached as Exhibit B to Plaintiff's Motion).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01442 AHM (AJWx) | Date | June 21, 2011 |
|---|---|---|---|
| Title | ALEJANDRO LOPEZ v. MUSINORTE ENTERTAINMENT CORP., et al. | | |

Declaration ¶¶ 6-8. The judgment also provided Plaintiff with 20% of all royalties paid to Judgment Debtors since June 30, 2007, and all future income, for recordings on which Plaintiff performed. *Id.* at ¶ 6. Finally, the Judgment awarded Plaintiff $526,083.49 in attorneys' fees. *Id.* at ¶ 7. As of January 31, 2011, the total judgment debt, including post-judgment interest, was $1,851,003.83. *Id.* at ¶ 11.

Judgment Debtors appealed various rulings by the district court in connection with the trial, including the district court's award of attorneys' fees. On May 26, 2011, the Ninth Circuit issued a memorandum disposition affirming the district court in part and reversing in part. The Ninth Circuit held that the district court erred in awarding attorneys' fees, vacated that award, and remanded to the district court for further proceedings. Accordingly, the Judgment is still valid, less the $526,083.49 in attorneys' fees.

There is no dispute that Judgment Debtors have failed to pay any of the amount owed to Plaintiff. Plaintiff alleges that Judgment Debtors have recording contracts with various recording studios ("Studios"). The order Plaintiff seeks would assign to him the Judgment Debtors' rights to all payments from the Studios until the Judgment is satisfied. Plaintiff also seeks an order restraining Judgment Debtors (and others associated with them) from interfering in any manner with Plaintiff's right to payment from the Studios. The Studios are located in the Central District of California, and Plaintiff has registered his Judgment in this District.

## II.   ANALYSIS

Federal Rule of Civil Procedure 69(a)(1) provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – *and in proceedings supplementary to and in aid of judgment or execution* – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." (emphasis added). Thus, this Court may enforce the Judgment consistent with the law of California. *Erickson v. Sympathy for the Record Industry*, 2011 WL 1211533, *1 (N.D. Cal. March 30, 2011) ("Pursuant to Rule 69 . . . a court may enforce a money judgment in accordance with the practice and procedure of the state in which it sits.").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01442 AHM (AJWx) | Date | June 21, 2011 |
|---|---|---|---|
| Title | ALEJANDRO LOPEZ v. MUSINORTE ENTERTAINMENT CORP., et al. | | |

California Code of Civil Procedure section 708.510(a) provides: "[U]pon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments . . . ." "A right to payment may be assigned . . . only to the extent necessary to satisfy the money judgment." *Id.* at 708.510 (d). Finally, "[w]hen an application is made pursuant to Section 708.510 or thereafter, the judgment creditor may apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned." *Id.* at 708.520(a). The Court may issue such a restraining order "upon a showing of need for the order." *Id.* at 708.520(b).

Plaintiff argues that an assignment order is necessary because the Judgment Debtors have not satisfied any portion of the Judgment, and it is apparent that they will not do so voluntarily. He contends that a restraining order, as contemplated by section 708.520, is also necessary because "the Judgment Debtors' prior conduct demonstrates their intent to evade the Judgment . . . . [A]nd the Judgment Debtors have forced Lopez to pursue post-judgment collection measures." Motion at 7.

The Judgment Debtors respond that "multiple aspects of [the] civil trial and the resulting Second Amended Judgment are on appeal in the Ninth Circuit . . . ." Opp. at 2. As discussed above, that appeal has concluded. They also complain that "no request [was] made to either attorney for information relating to any pending contracts involving Los Huricanes . . . ." *Id.* According to Judgment Debtors, only one recording contract exists, between Musinorte Entertainment (one of the Judgment Debtors) and Disa Latin Music, a division of UMG Recordings, Inc. As to this contract, "[it] is expiring, and Judgment Debtors are owed only royalties for the second of the two albums, which album has been completed, but not released. It is unknown when or if any royalties will be paid." *Id.* at 3. Finally, they contend that a restraining order is unnecessary because "[w]hile it is true that a judgment is outstanding, there is no evidence to support any abject history of avoiding payment by Judgment Debtors to Lopez." *Id.* at 4.

There is no dispute that a substantial portion of the Judgment survived appeal and that Judgment Debtors have failed to satisfy any portion of the Judgment. That Judgment Debtors may have only one recording contract, and may not know when (or if) they will receive royalties on that contract, has no bearing on whether Plaintiff has the right to be

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01442 AHM (AJWx) | Date | June 21, 2011 |
|---|---|---|---|
| Title | ALEJANDRO LOPEZ v. MUSINORTE ENTERTAINMENT CORP., et al. | | |

assigned future royalties under that contract or any comparable contract. Cal. Code Civ. Proc. § 708.510(d) ("[T]he court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, *whether or not the right is conditioned on future developments*."). And, as Plaintiff argues, "[if] Lopez discovers that a recording company has no royalty obligation to [Judgment Debtors], then there will be nothing for Lopez to collect from that company." Reply at 3.

Finally, Judgment Debtors' argument against the need for a restraining order is unconvincing. Although they appealed the Judgment, they never obtained a stay of enforcement. Accordingly, they *have* avoided payment since entry of the Judgment, contrary to their claim that "there is no evidence to support any abject history of avoiding payment . . . ." Opp. at 4. In addition, once Plaintiff is assigned Judgment Debtors' right to payment, Judgment Debtors and their associates will have no right to interfere with such payment. In other words, Judgment Debtors will be restrained from doing only that which they would have no right to do in the first instance.

## III. CONCLUSION

Based on the foregoing analysis, the Court GRANTS Plaintiff's request for an assignment order and a restraining order. Plaintiff shall lodge a proposed order within 21 days of the date of this order, setting forth the exact amount owing under the Judgment (with updated post-judgment interest, less the attorneys' fees vacated by the Ninth Circuit) and the precise terms of the restraining order.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

**JS-6**